## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE APPLICATION OF
the *Comité Economique et Social Central d'Office Depot France*

and

*Alter*

pursuant to 28 U.S.C. § 1782 For Judicial Assistance in Obtaining Evidence From THE ODP CORPORATION For Use In a Foreign Tribunal

CASE NO._____

## EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN TRIBUNAL PURSUANT TO 28 U.S.C. § 1782 AND INCORPORATED MEMORANDUM OF LAW

Applicants, the Comité Économique et Social Central de la Société Office Depot France (the "**Works Council**") and Alter ("**ALTER**" and collectively with the Works Council, "**Applicants**") respectfully submit this application for an order for discovery pursuant to 28 U.S.C. § 1782 (the "**Application**") from THE ODP CORPORATION ("**ODP**"), which resides in this District, for two separate purposes: (i) for use by Applicants in pending insolvency proceedings before the French Commercial Court of Lille (*Tribunal de Commerce de Lille*) and (ii) for use in a pending criminal investigation instigated by the Works Council's complaint to the Attorney General of Lille (*Procureur de la République près le Tribunal Judiciaire de Lille*) in France (collectively, the "**Foreign Proceedings**").

The Application meets the requirements of Section 1782.[1] ODP is domiciled in this District; the limited discovery sought by the Works Council and ALTER is for use in pending

---

[1]     This Application is accompanied by the Declaration of Celine Pares ("**Pares Decl.**"), which is incorporated herein by reference.

proceedings before a foreign court and foreign investigative authority; the Works Council and ALTER are "interested persons"; and the request is narrow and does not require disclosure of privileged materials. The factors set forth by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc. 542 U.S. 241 (2004), also weigh heavily in favor of granting Applicants' limited discovery requests: (1) the evidence sought is unobtainable without the assistance of this Court, as ODP is not a party to the Foreign Proceedings; (2) there is no indication that the French courts and the French investigative authority will not be receptive to the discovery request; (3) the Works Council and ALTER are not using this request to circumvent restrictions or rules on obtaining evidence in the Foreign Proceedings; and (4) the discovery sought is not unduly burdensome.

**FACTUAL BACKGROUND**

1.      The Works Council, is the employee representative body of OFFICE DEPOT FRANCE tasked with defending the rights, holding the duties and obligation of collective expression of the employees of OFFICE DEPOT FRANCE. Pares Decl., ¶4.

2.      ALTER is the certified public accountant appointed by the Works Council to assist it with the analysis and understanding of OFFICE DEPOT FRANCE's finances and strategy. Pares Decl., ¶6. As such, ALTER participates in the on-going bankruptcy proceedings before the French Commercial Court of Lille (*Tribunal de Commerce de Lille*).

3.      OFFICE DEPOT FRANCE is a company incorporated and operating in France, selling stationery and office supplies under the OFFICE DEPOT and VIKING trademarks.

4.      On December 31, 2016, ODP (formerly known as OFFICE DEPOT INC.) sold its European business operations to AURELIUS RHO INVEST NL DS B.V. and AURELIUS RHO INVEST NL TWO B.V., both of which are subsidiaries of the AURELIUS Group

("**AURELIUS**"). Pares Decl., ¶7. As a result, the French company OFFICE DEPOT FRANCE was transferred to AURELIUS. Id.

5.      Following its acquisition of ODP, between 2017 and 2020, AURELIUS engaged in a series of restructuring operations that included :

   (a)      Restructuring the share capital of OFFICE DEPOT FRANCE so that it be wholly owned by a holding company named OD PARTICIPATIONS (FRANCE) SAS;

   (b)      Reducing the share capital of OFFICE DEPOT FRANCE by offsetting a 70 million euros claim it had against OD PARTICIPATIONS (FRANCE) SAS, thereby forgoing substantial cash assets;

   (c)      Directing OFFICE DEPOT FRANCE to enter into a management fee agreement and trademark license agreements, thereby increasing significantly the expenses of OFFICE DEPOT FRANCE (the "**Restructuring Operations**"). Pares Decl., ¶7.

6.      Concerned with the impact of the Restructuring Operations on the financial situation of the company and more than 1,800 OFFICE DEPOT FRANCE employees, the Works Council alerted[2] management of OFFICE DEPOT FRANCE on February 6, 2019, and designated ALTER to assist. Pares Decl., ¶8.

---

[2]      The "alert right" or "Droit d' Alerte" is the process by which a works council voices its concerns on the financial and economic health of the company and subsequently requests information. As part of this process, the works council can appoint a certified public accountant to review any and all information relevant to the company including information of parent companies or subsidiaries. The company has the obligation to provide the documents requested by the CPA. See Pares Decl., ¶8 n.2.

7.      In order to properly perform its mission, ALTER (the CPA appointed by the Works Council) requested that OFFICE DEPOT FRANCE produce a series of documents as required by French law, but OFFICE DEPOT FRANCE did not comply with ALTER's request. See Pares Decl., Ex. 1, June 25, 2019 Order, at 15.  On March 15, 2019, the Works Council and ALTER filed an expedited legal action before the French District Court of Senlis (*Tribunal Judiciaire de Senlis*) to request an order compelling OFFICE DEPOT FRANCE to produce certain documents and information. Pares Decl., ¶9. On June 25, 2019, the French District Court of Senlis ordered OFFICE DEPOT FRANCE to produce certain documents including the documents sought in this Application. See Pares Decl., Ex. 1, June 25, 2019 Order.

8.      OFFICE DEPOT FRANCE partly complied with the Order of the District Court of Senlis, but refused to produce the schedules and attachments to the Sale and Purchase Agreement relating to the transfer of OD European Business by ODP to AURELIUS alleging that it did not possess such documents held directly by ODP and AURELIUS.  Meanwhile, the financial situation of OFFICE DEPOT FRANCE continued to deteriorate.

### *The Criminal Complaint for Misuse of Company Assets*

9.      In May 2019, the Works Council filed a criminal complaint with the Attorney General of Lille for misuse of company assets. In the criminal complaint, the Works Council asserts that certain Restructuring Operations were not entered into in the normal course of operations of the OD European Business. The investigation of the Attorney General of Lille is currently ongoing and the period for the complaining to present new evidence to support its complaint has not closed. Pares Decl., ¶13.  The Full SPA sought through this Application is relevant to the criminal complaint under investigation by the Attorney General in that it will evidence the financial situation of OFFICE DEPOT FRANCE prior to its acquisition by

AURELIUS, and is further expected to allow the Works Council with ALTER's assistance to bolster its allegations that AURELIUS significantly increased the cost structure of OFFICE DEPOT FRANCE and siphoned money out of it by imposing improper management and trademark license fees. Id.

10.   Once the investigation of the Attorney General is completed, the Works Council may have grounds to formally initiate criminal proceedings against parties found to have engaged in illegal conduct related to the misuse of company assets. Pares Decl., ¶13.   These criminal proceedings would occur before the Criminal Court of Lille (*Tribunal Correctionnel de Lille*) after completion of the investigation of the Attorney General of Lille. Id.

### *The Bankruptcy Proceedings Pending before the Lille Commercial Court*

11.   The concerns of the Works Council have already proved to be founded in one regard. OFFICE DEPOT FRANCE filed for bankruptcy on February 3, 2021, before the French Commercial Court of Lille (*Tribunal de Commerce de Lille*), thereby endangering more than 1,800 jobs. Pares Decl., ¶14.

12.   Several bidders have shown their interests in acquiring OFFICE DEPOT FRANCE and the question as to the responsibility of AURELIUS in leading OFFICE DEPOT FRANCE to file for bankruptcy because of the Restructuring Operations has been raised by the Works Council before the Court.

13.   The French Commercial Court of Lille (*Tribunal de Commerce de Lille*) has requested that both the Works Council and ALTER provide testimony as to the current state of OFFICE DEPOT FRANCE, the causes of its financial troubles, and the potential plans to carry on its business.

14.     Through the underlying Application, the Works Council seeks to obtain the Full SPA with the assistance of the U.S. Court in order to present it before the Commercial Court to support its existing claims. The Full SPA including its Schedules will allow the Works Council and ALTER to better evaluate AURELIUS' responsibility in the financial difficulties of OFFICE DEPOT FRANCE and will allow the French Commercial Court in Lille to decide whether AURELIUS can present an offer in the restructuring of OFFICE DEPOT FRANCE.

**DISCOVERY REQUESTED**

15.     Through this Application, the Works Council and ALTER request narrow and focused discovery from ODP limited to a single document with all of its schedules and attachments, namely:

- The Sale and Purchase Agreement relating to the transfer of the partnership interests in OFFICE DEPOT (NETHERLANDS) C.V. between OFFICE DEPOT FOREIGN HOLDINGS LP, LLC and OFFICE DEPOT FOREIGN HOLDINGS GP, LLC and OFFICE DEPOT, INC. and AURELIUS RHO INVEST NL DS B.V. and AURELIUS RHO INVEST NL TWO B.V dated November 22, 2016 as amended on December 31, 2016, including all schedules and attachments, including but not limited to :

    a.     Attachment 5 - IP Assignment Agreements

    b.     Attachment 6 - Trade Mark Co-Existence Agreement

    c.     Attachment 7 - Office Max Trade Mark Licence Agreement

    d.     Attachment 8 - Pre-Completion Restructuring Steps Plan ; and

    e.     the documents incorporated by reference in the Full SPA designated as the documents included in "12.7.10 of the Data Room Information".

## MEMORANDUM OF LAW

## ARGUMENT

### I.       Standard for Granting Relief

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  Section 1782 "provide[s] for assistance in obtaining documentary and other tangible evidence as well as testimony." Id. at 248.  The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.  A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled § 1782's language into a two-part inquiry: whether a district court is *authorized* to grant relief and whether it *should* grant relief in its broad discretion.  First, a district court is authorized to grant relief when the following statutory requirements are met: (1) the person

from whom discovery is sought must reside or be found in the district in which the application is filed; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;"; (3) the request must be made "by a foreign or international tribunal," or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign or international tribunal." [3]  28 U.S.C. § 1782(a); see In re Clerici, 481 F.3d 1324 (11th Cir. 2007).

Next, once a district court has determined that it is authorized to grant relief, it is free to grant relief in its broad discretion.  The court's discretion is guided by the discretionary factors recited by the Supreme Court in Intel:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid";
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance";
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and

---

[3]     It should be noted that district courts may, and indeed typically do, grant § 1782 relief on an *ex parte* basis.  See In re Eurasian Bank Joint Stock Co., No. 3:15-mc-106-L-BN, 2015 WL 6438256 at *2 (Horan, Mag.) (N.D. Tex. Oct. 21, 2015) ("the Court notes that *ex parte* filing of an application for discovery under 28 U.S.C. § 1782 is permissible."); Gushlak v. Gushlak, 486 F. App'x 215, 217 (2d Cir. 2012) ("it is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash [a subpoena] pursuant to Federal Rule of Civil Procedure 45(c)(3).") (citing, *inter alia*, Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 78 (2d Cir. 2012); In re Edelman, 295 F.3d 171, 173-75 (2d Cir. 2002); In re Clerici, 481 F.3d 1324 (11th Cir. 2007) (affirming denial of motion to vacate order granting *ex parte* § 1782 application)).

(4) whether the § 1782(a) request is "unduly intrusive or burdensome."

Intel, 542 U.S. at 264-65.  This discretion is further informed by the twin Congressional aims of § 1782, "which are to provide efficient means of assistance to participants in international litigation in our federal courts and to encourage foreign countries by example to provide similar means of assistance to our courts."  In re Pimenta, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013) (citing Euromepa, S.A. v. R. Esmerian, Inc., 154 F.3d 24 (2d Cir. 1998)).

As demonstrated below, Applicants satisfiy the statutory requirements and, therefore, this Court should grant the relief sought in the Application.

## II.      Applicant Meets the Mandatory Requirements for Granting Relief

### A.      The Discovery Target Resides or is Found in This District

There should not be any serious debate that ODP "resides or is found in" the Southern District of Florida.  ODP regularly transacts business and maintains its principal place of business in this District, at 6600 North Military Trail, Boca Raton, Florida. Pares Decl., ¶19, Ex. 2.; See Application of Consorcio Ecuatoriano de Telecomunicaciones S.A., 747 F.3d 1262, 1269 (11th Cir. 2014) ("JAS USA…has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the application for assistance'—namely, the Southern District of Florida."). Furthermore, ODP's presence in this District may safely be categorized as systematic and continuous.[4] Accordingly, Applicants meet the first Intel requirement.

---

[4]      Professor Hans Smit, drafter of § 1782, has commented: "Insofar as the term ['found'] applies to legal rather than natural persons, it may safely be regarded as referring to judicial precedents that equate systematic and continuous local activities with presence." Hans Smit, American Assistance to Litigation in Foreign and Int'l Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 10 (Spring 1998); see also In re Godfrey, 526 F.Supp.2d 417, 422 (S.D.N.Y. 2007) (applying same rationale).

**B.** **The Discovery Sought is for Use in Proceedings in Foreign Tribunals**

Section 1782 expressly provides that evidence collected may be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). Applicants satisfy this requirement as the discovery sought through the instant Application is for use in the Foreign Proceedings: (i) a pending insolvency proceedings before the French Commercial Court of Lille (*Tribunal de Commerce de Lille*) and (ii) a pending criminal investigation instigated by the Works Council's complaint filed with the Attorney General of Lille (*Procureur de la République près le Tribunal Judiciaire de Lille*) in France which may lead to the filing of a criminal proceeding before the Criminal Court of Lille (*Tribunal Correctionnel de Lille*).

It is well settled that a § 1782 application may seek evidence for use in a proceeding that has not yet begun, but that is within reasonable contemplation. Intel, 542 U.S. at 258-9. To wit, the Supreme Court in Intel noted, "[s]ection 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings. In 1964 . . . Congress also deleted the requirement that a proceeding be 'pending.' When Congress acts to amend a statute we presume it intends its amendment to have a real and substantial effect." Id. (internal citations omitted).

Here, Applicants have met the third requirement. As discussed in the Pares Declaration, Applicants seek documents from ODP relating to the terms and conditions pursuant to which AURELIUS acquired OFFICE DEPOT FRANCE and under which it has carried on the business of the company, which is at issue in each of the Foreign Proceedings and regarding which Applicants must testify before the French Commercial Court of Lille (*Tribunal de Commerce de Lille*). Pares Decl., ¶¶9-14.

### C.    Applicants are Interested Persons

A person who has "participation rights" and "possesses a reasonable interest in obtaining judicial assistance . . . qualifies as an interested person within any fair construction of that term." Intel, 542 U.S. at 256-7 (2d Cir. 2004) (internal citations omitted).  "The legislative history to § 1782 makes plain that 'interested person' includes a party to the foreign litigation."  See Lancaster Factoring Co. Ltd. v. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) (internal citations omitted). Here, the Works Council is an "interested person" within the meaning of § 1782, because it has participation rights in the pending bankruptcy proceeding and pending criminal investigation, and is the putative claimant in the reasonably contemplated criminal action for misuse of company assets. Pares Decl., ¶11-13.  Similarly, ALTER is an "interested person" because it has participation rights in the proceedings before the District Court of Senlis, as well as in the pending bankruptcy proceeding. Pares Decl., ¶¶11, 14. Hence, Applicants meet the third statutory requirement under 28 U.S.C. § 1782(a).

### III.    This Court Should Exercise its Discretion in Favor of Granting Relief

As noted above, once the District Court has determined that the mandatory requirements for relief under § 1782 are met, the Court is free to grant discovery in its discretion.

First, ODP is not a party to the Foreign Proceedings and it is not contemplated to become a party thereto. Pares Decl., ¶20. Accordingly, this factor weighs in favor of granting the Application.  See Intel, 542 U.S. at 264 ("the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").

Second, counsel retained in the Foreign Proceedings have advised that there is no indication that the French civil and criminal courts would not be receptive to the documentary evidence sought through the instant Application.  Pares Decl., ¶21. To the contrary, a French court

has indicated it is interested in receiving the documents requested herein. See Pares Decl., Ex. 1, June 25, 2019 Order.

Third, counsel retained in the Foreign Proceedings have advised the Applicants that the evidence sought through the instant Application does not circumvent any proof-gathering restrictions in France. Pares Decl., ¶21. Specifically, no French law, rule of evidence, or rule of civil or criminal procedure prohibits the filing of this application or the request made therein. Id.

Finally, this Application is not unduly intrusive or burdensome as Applicants propose to serve ODP with the sample subpoenas attached as **Exhibit B**, which contains only one request for production.  Pares Decl., ¶22.

As such, each discretionary factor identified by the Intel Court weighs in favor of granting the Application.

WHEREFORE, Applicant respectfully requests this Court enter an Order, in the proposed, or substantially similar, form attached hereto as **Exhibit C**:

    (a)    exercising its discretion, pursuant to 28 U.S.C. § 1782, and granting this Application;

    (b)    granting Applicants leave to conduct discovery pursuant to the Federal Rules of Civil Procedure, including, but not limited to, leave to serve the subpoenas, in substantially the same form as the sample subpoenas attached as Exhibit B to this Application;

    (c)    reserving jurisdiction to grant Applicants leave to serve follow-up subpoenas on any other person or entity as may be necessary to obtain the evidence described in the Application; and

    (d)    granting any other relief this Court deems just and proper.

Dated: May 20, 2021

Respectfully submitted,

*/s/ Cristina Vicens Beard*
Arnoldo B. Lacayo, Esq.
FBN:  675482
alacayo@sequorlaw.com
Cristina Vicens Beard, Esq.
FBN: 111357
cvicens@sequorlaw.com

**SEQUOR LAW, P.A.**
1111 Brickell Avenue, Suite 1250
Miami, FL 33131
Telephone:  305-372-8282
Facsimile:  305-372-8202

*Attorneys for Applicants*

JS 44   (Rev. 10/20) FLSD Revised 02/12/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

Comité Economique et Social Central d′ Office

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff   France
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Sequor Law, P.A., 1111 Brickell Avenue, Suite 1250, Miami, FL 33131

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ■ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

■ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / ☐ 368 Asbestos Personal |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability / Injury Product Liability |  | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| (Excl. Veterans) | ☐ 345 Marine Product |  | ■ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ■ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Med. Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
|  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  | ☐ 791 Empl. Ret. Inc. |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / **Other:** |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 530 General | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 550 Civil Rights |  |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee – Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

■ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed **(See VI below)** ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐YES ☐NO   b) Related Cases ☐YES ☐NO

JUDGE: _____   DOCKET NUMBER: _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section § 1782
LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ■ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY : RECEIPT #** _____ **AMOUNT** _____ IFP _____ JUDGE _____ MAG JUDGE _____